## John Crockett *vs.* Jeremiah D. Drew.

A judgment against an infant, for whom no guardian *ad litem* has been appointed, on a
*scire facias* upon a judgment charging him as trustee in foreign attachment, is erro-
neous; and may be reversed by writ of error, without first obtaining a reversal of the
original judgment.

WRIT OF ERROR to reverse a judgment of the police court of
Lawrence for costs in favor of the defendant in error on a *scire
facias* sued out by him on a judgment charging the plaintiff in
error as trustee in foreign attachment. The error assigned was
that the plaintiff in error, at the time of the rendition of the
judgment sought to be reversed, was an infant, and that no
guardian *ad litem* was appointed for him in the case. Plea, *in
nullo est erratum.*

*W. C. Endicott,* for the defendant in error, was first called
upon.

*N. W. Harmon,* for the plaintiff in error.

DEWEY, J. A judgment rendered against an infant, for whom
no guardian *ad litem* has been appointed, is liable to be reversed
by writ of error. *Valier* v. *Hart,* 11 Mass. 300.

It is objected, that the judgment in the *scire facias* was based
upon the judgment in the original action, and therefore the
defence is not now open, but the party should have sued out his
writ of error to reverse the first judgment. It is undoubtedly
true that a judgment rendered in an action of debt, brought upon
a former judgment which was erroneous, cannot be reversed
for the error in the former judgment. *Hawes* v. *Hathaway,*
14 Mass. 233. But that is not like the present case; because
here was no judgment rendered in the original action against

the plaintiff in error, which could be enforced against him. His personal liability only accrued upon the judgment on the *scire facias*. And further, the error now relied upon arose in the proceedings on the *scire facias*. It was in that process that he personally appeared, and not by his guardian. He had the right, by statute, to make various defences against such *scire facias*, and to show, in any proper way, that he was not liable to a judgment against himself personally. But as he was an infant, the defendant in error should have procured the appointment of a guardian *ad litem*, before taking judgment against him. *Judgment reversed.*